# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

―――――――

No. 03-3893

―――――――

Andrea Groves,                              *
                                            *
                Appellant,                  *
                                            *   Appeal from the United States
        v.                                  *   District Court for the Southern
                                            *   District of Iowa.
Cost Planning and Management                *
International, Inc.; Richard Janssen;        *        [PUBLISHED]
Peter Goodwin; Bryan Betrand,               *
                                            *
                Appellees.                  *

―――――――

Submitted: June 18, 2004
    Filed:   June 25, 2004

―――――――

Before MORRIS SHEPPARD ARNOLD, FAGG, and RILEY, Circuit Judges.

―――――――

PER CURIAM.

Faced with a downturn in business, Cost Planning and Management International, Inc. (CPMI) decided to cut its staff. Two people were let go in the reduction in force, a man and a pregnant woman, cost estimator Andrea Groves. Groves brought this Title VII action against CPMI and several of its employees, alleging she was discriminated against based on her gender and her pregnancy. The district court* granted summary judgment to CPMI. Groves appeals, and we affirm.

―――――――

*The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

The district court applied the familiar <u>McDonnell Douglas</u> burden shifting analysis to Groves's discrimination claim. Under that analysis, the employee must first establish a prima facie case of discrimination. <u>Allen v. City of Pocahontas</u>, 340 F.3d 551, 557-58 (8th Cir. 2003). If the employee does so, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action. <u>Id.</u> at 558. If the employer satisfies its burden, the employee then must show that the nondiscriminatory reason is a pretext for discrimination, <u>id.</u>, and in reduction of force cases, that the protected criteria, here gender or pregnancy, was a factor in the adverse employment decision, <u>see</u> <u>Chambers v. Metropolitan Prop. & Cas. Ins.</u>, 351 F.3d 848, 855-56 (8th Cir. 2003) (age discrimination case).

The district court held that assuming Groves had established a prima facie case, CPMI articulated legitimate, nondiscriminatory reasons for its actions, specifically, a reduction in force due to decreased revenue. The district court then concluded Groves did not come forward with sufficient evidence to show the reasons for her termination were a pretext for discrimination. The district court rejected Groves's assertion that the proximity between the disclosure of her pregnancy on an insurance application and her termination was enough to permit a jury to find her pregnancy was a motivating factor in her termination. The court held the proximity evidence did not sufficiently undermine CPMI's justifications to create a material question of fact on pretext.

On appeal, Groves first contends the district court should have applied <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90, 92 (2003) (holding plaintiff need not present direct evidence of discrimination to obtain a mixed motive jury instruction under Title VII), rather than the <u>McDonnell Douglas</u> burden-shifting analysis to this case. Groves failed to address the possible impact of <u>Costa</u> in her resistance to CPMI's motion for summary judgment, however, and conceded the <u>McDonnell Douglas</u> analysis applies.

Groves next argues the district court committed error in holding she failed to generate material factual issues on all elements of her prima facie case of pregnancy

discrimination.  Because the district court assumed Groves had established a prima facie case, this argument fails.

Groves also contends there are genuine issues of material fact about whether CPMI's reasons for discharging her are a pretext for discrimination.  According to Groves, the district court failed to critically examine CPMI's stated reasons for firing her and simply accepted those reasons at face value.  The district court was not supposed to evaluate the veracity of CPMI's offered reasons, however.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (employer's burden is one of production, not persuasion, and involves no credibility assessment).  CPMI stated that in deciding to cut staffing, the company fired the least valuable employee in each department, considering several factors, including productivity, project load, flexibility, and seniority.  Groves failed to show by a preponderance of evidence that CPMI's proffered explanation is unworthy of credence.  Id. at 143.  As the district court noted, timing alone does not sufficiently undermine CPMI's justifications to create a genuine issue of fact on pretext.  See Sprenger v. Federal Home Loan Bank of Des Moines, 253 F.3d 1106, 1114 (8th Cir. 2001).  Further, CPMI's discussion of Groves's pregnancy with their new insurance company's representatives occurred after her termination and to determine whether Groves would have continuing coverage under the newly adopted plan. Last, Groves's allegation that another employee should have been fired instead questions a reasonable business decision by CPMI, a decision courts do not second guess.  See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995).

Relying on Reeves, 530 U.S. at 147, Groves next argues the district court erroneously applied a "pretext plus" requirement.  The Reeves case did not involve a reduction in force, however, and we have confirmed after Reeves that in addition to showing pretext, plaintiffs in reduction of force cases must also show their protected status was a factor in the adverse employment decision.  See Chambers, 351 F.3d at 855-56.  Groves contends that even if this is the law, a reasonable jury could find her pregnancy was a motivating factor in CPMI's decision to fire her.  The district court stated Groves did not present sufficient evidence from which a rational

jury could infer that CPMI decisionmakers knew of Groves's pregnancy when they decided to terminate her. We agree with the district court's assessment. The undisputed testimony and exhibits show that CPMI decided to terminate Groves by October 17, before they knew she was pregnant and before Groves disclosed her pregnancy on an insurance form.

Finally, Groves asserts the district court committed error in failing to recognize CPMI destroyed documents and in failing to infer the documents would have helped prove Groves's case. This assertion is without merit. CPMI's correspondence with potential insurance providers is not a relevant personnel record as defined in Title VII. See 29 C.F.R. § 1602.14. Further, Groves has not shown that the correspondence would have favored her case and that CPMI destroyed the records to suppress the truth. See Stevenson v. Union Pac. R.R., 354 F.3d 739, 746 (8th Cir. 2003). Thus, the district court did not commit error in failing to draw an adverse inference from CPMI's failure to preserve the correspondence.

Accordingly, we affirm the district court's grant of summary judgment in favor of CPMI.

_____